## STATE v. ROBERT PRATT.

*Evidence—Declarations of Defendant—Judge's Charge.*

1. The admission of incompetent testimony, unless objected to at the time or forbidden by statute, is not the subject of an exception at a later stage of the trial.

·2. A defendant's declarations will not be excluded upon the ground that the witness did not hear the whole of the conversation of which they form a part. (See preceding case for rule in reference to fragmentary evidence).

3. In a joint trial for murder, it is the duty of the judge, if convinced that either prisoner is guilty of a less offence than that charged, to so instruct the jury, without regard to its effect upon the other prisoner. The assent of the solicitor given to a verdict of manslaughter as to one, the court in this case permitting it, is no expression of opinion as to the grade of the other's offence.

(*State* v. *Ballard*, 79 N. C., 627 ; *State* v. *Efler*, 85 N. C., 585; *State* v. *Swink*, 2 Dev. & Bat., 9, cited and approved).

INDICTMENT for murder tried at Fall Term, 1882, of WAYNE Superior Court, before *MacRae, J.*

Verdict of guilty; judgment; appeal by the prisoner.

*Attorney-General*, for the State.
*Messrs. Allen & Isler*, for the prisoner.

RUFFIN, J. The prisoner and Frank Moore were indicted and tried together for the murder of one Leonard O'Neil.

Many witnesses were examined for the prosecution, and amongst them one Bogue, who testified that he saw the prisoner and Moore on the day upon which O'Neil was killed. Witness was sitting in the corner of a fence, and saw them coming from the direction of the town of Fremont, and going towards the skirt of the woods where the body of the deceased was afterwards found. They crossed the fence about fifteen steps from where the witness was sitting ; and just before getting to the fence, the

prisoner turned around and spoke so that witness could hear him, saying, "I'll be damned if I don't shoot him," to which Moore replied, "you must shoot him quick, then." While still in hearing of the witness, Moore mentioned O'Neil's name, and said he was a bad man.

On his cross-examination, the witness said when he first saw them coming towards him, he could hear them talking, but could not distinguish their words, so as to understand what they said, until they got close upon him. No objection to the introduction of this testimony was made at the time, nor was the court asked to withdraw it from the jury. But after verdict, the prisoner's counsel objected to it, as fragmentary, and being only part of a conversation, and its reception is the ground of the first exception.

After the case was given to the jury, they continued in deliberation during one whole night, and, coming into court the next morning, announced their inability to agree, and thereupon the counsel for the prosecution said to them, with the permission of the judge, that he was willing they should render a verdict of manslaughter as against Moore. The jury then retired, and soon afterwards returned with a verdict, finding the prisoner guilty of murder, and Moore, of manslaughter. This assent of the state's counsel to take such a verdict as to Moore, made in the presence of the jury, is the subject of the prisoner's other exception.

Realizing the immense interest which the prisoner has at stake, and the importance of our judgment to him, we have carefully examined the record in the case and considered his exceptions, to see if there can be any reason why the judgment against him should not be permitted to stand, but feel constrained to say that we have found none.

His exception to the testimony of the witness manifestly comes too late. A party will not be permitted to stand by, and without objection, suffer evidence to be heard and acted on by the jury, and then afterwards complain of its admission. The very case cited by prisoner's counsel (*State* v. *Ballard*, 79 N. C. 627), so

lays down the proposition, the only exception being, when the evidence admitted is declared to be incompetent by statute. The same distinction is recognized in *Efler's case*, 85 N. C., 585, where it is said, that the admission of incompetent evidence, unless objected to at the time or be forbidden by some positive law, cannot be the subject of an exception at a later stage of the trial.

But supposing it to be otherwise, and yielding to the prisoner the full weight of his exception, as if taken in time, it cannot be sustained upon its merits. It is the same in all respects with the exception taken and considered in *State* v. *Lawhorn, ante,* 634, where it is held that a party's own declarations could not be excluded, because the witness did not hear the whole of the conversation, of which they form parts.

It is impossible, as it seems to us, to adopt any other rule, without great danger of oftentimes excluding testimony most material and necessary. There can be no difference in principle between the case of a conversation, the whole of which was not heard, and one, the whole of which is not recollected. And how few conscientious witnesses there are, who, after the lapse of any considerable time, would undertake to recite the whole of any one conversation, while they might have a perfect recollection of its salient and material parts.

It is easy, it is true, to imagine cases in which mischief might result from taking fragments of a conversation, as gathered from an imperfect hearing, and applying them to matters foreign to the party's intention. But such things are not likely to occur in actual experience, and the correction may be safely left to the good sense of the jury.

It is difficult to conceive of any ground, upon which the prisoner can rightly complain of the action of the court towards his co-defendant. The assent given to a verdict of manslaughter as to him, was surely no expression of opinion as to the grade of the prisoner's guilt; or if so, not more than is unavoidable in every joint trial. The judge, and likewise the state solicitor,

owed the same duty to each of the parties then on trial, to see that he was not illegally or unjustly convicted; and if convinced that either was, in law or in fact, guilty of a less degree of offence than that charged in the indictment, it was his duty so to have instructed the jury, without regard to its effect upon the other defendant. If, in his main charge to the jury, His Honor had instructed them, that according to his understanding of the law, Moore was only guilty of manslaughter, and should have left it to them, without any other expression of opinion, to determine the question as to the prisoner's guilt, it would never, we presume, have entered the mind of any one to complain of his action. What difference, then can it make, at what stage of the trial this is done. Its effect, if it had any, upon the trial of the prisoner, must have been equally the same, whether done at one time or another. If prejudice resulted to him from the action of the court (and we regard the action of the solicitor in the matter, as that of the court), it is just such as is inseparable from the manner of conducting joint trials under our law, under such circumstances as admit of a difference in the guilt, or the degree of guilt, of the parties concerned.

The court is of the opinion that there is no error in the judgment, and the same is, therefore, affirmed. This will be certified to the superior court of Wayne county, with directions to proceed to judgment and sentence against the prisoner according to the law of the state.

No error.                      Affirmed.

NOTE.—The following was added by Mr. Justice RUFFIN: Since writing the above, we have recurred to the case of *State* v. *Swink*, 2 Dev. & Bat., 9, and find that it fully sustains our conclusions as to the admissibility in evidence of the prisoner's declarations. It is there said, Judge GASTON speaking for the court, that no authority or *dictum* is known for limiting the general principle, which makes a man's conduct and declarations, when voluntary, evidence against him, because his acts and declarations are not so complete as they were intended to be; that what he has said and what he has done, however unfinished and imperfect, is competent testimony against him, and its effect is to be judged of, under all the accompanying circumstances, by those whose duty it is to weigh the evidence.