### STATE v. M. L. WINNER.

(Filed 6 October, 1910.)

1. **Spirituous Liquors—Secret Sale—Devices—Notice—Corroborative Evidence.**

    By aiding in the sale of spirituous, etc., liquors in prohibited territory, a person is as guilty as the principal; and evidence tending to show that certain devices for the secret traffic in spirituous liquors, etc., were constructed in defendant's place of business and of such character as he would naturally be aware, is competent in corroboration.

2. **Objects and Exceptions—Improper Remarks.**

    Exceptions to remarks made by the solicitor to the jury as improper, relating to the defendant's not testifying, etc., are governed by *Weddington's case,* 103 N. C., 364.

APPEAL by defendant from *Cooke, J.,* at the April Term, 1910, of NEW HANOVER.

From a verdict of guilty and the judgment pronounced thereon the defendant appealed to this Court.

*Attorney-General Bickett* and *G. L. Jones* for the State.
*L. Clayton Grant* for defendant.

MANNING, J. The defendant was indicted and convicted for selling whiskey without license in the city of Wilmington. The prosecuting witness testified to the sale to him and described minutely the circumstances under which he purchased, to-wit: that he bought the whiskey in the defendant's place of business, in a cut-off compartment and by a dumb waiter. He made known his presence and his thirst; a tin cup appeared in a hole in the wall; he put in the money; the cup disappeared, and a bottle of whiskey appeared in a few seconds. Another witness for the State was permitted, over defendant's objection, to testify in corroboration that he had bought in the same place and by means of the same device, prior to the purchase by the prosecuting witness, to whom the particular sale was charged in the indictment to have been made. We do not see why this evidence was not competent. It was restricted by his Honor to the purpose of corroboration. Its purpose was definitely to fix upon the defendant the knowledge that the illicit traffic was being carried on in his place of business. It is inconceivable that such device could be arranged in defendant's place of business without his knowledge and aid, and if he aided in the commission of this offense—a misdemeanor by the law—he was guilty as a principal. *S. v. Kittelle,* 110 N. C., 560; *S. v. McMinn,* 83 N. C., 668. The other exception argued by the learned counsel of the defendant is directed to the failure of his Honor to properly correct the effect of certain comments of the solicitor in his argument to the jury. The remarks complained of are similar to those of the counsel for the State in *Weddington's case,* 103 N. C., 364, and which this Court held were permissible to the prosecuting attorney. There was no attempt to use the failure of the defendant himself to testify in his own behalf to his prejudice, nor was such failure commented upon by the solicitor. We think his Honor's instruction upon the matter sufficient. In our opinion, the defendant has no just cause of complaint of his Honor's rulings.

No error.