## STATE v. W. H. BRYANT.

(Filed 6 January, 1953.)

### 1. Criminal Law § 53h—

Where defendant does not testify in his own behalf, an instruction that the jury should consider all the evidence or lack of evidence of both the State and the defendant, is erroneous.

### 2. Criminal Law § 81c (2)—

In this case in which defendant did not testify, error of the court in charging that the jury should take into consideration the lack of evidence of both the State and of defendant *held* not prejudicial in view of the court's repeated charge that the burden was on the State to satisfy the jury of defendant's guilt beyond a reasonable doubt and that if the jury had any doubt about defendant's guilt it should return a verdict of not guilty, and the fact that upon the State's evidence a different result would not likely ensue if a new trial should be awarded.

### 3. Criminal Law § 52a (1)—

While defendant's failure to testify is not subject to comment or consideration, in weighing the credibility of the evidence offered by the State the jury may consider that the State's evidence is uncontradicted.

### 4. Criminal Law § 50h—

The fact that the solicitor, just as the jury was leaving the box, announced in open court that a witness, whose testimony had clearly disclosed his participation in the crime for which defendant was then on trial, entered a plea of guilty in the prosecution against him, *is held* not to entitle defendant to a new trial, the court having charged the jury that if they heard the solicitor's announcement they should not consider it, and the procedure being in accordance with the accepted practice in criminal courts.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *McLean, Special Judge,* March Extra Term, 1952, MECKLENBURG. No error.

Criminal prosecution under bill of indictment which charges that defendant (1) broke and entered the warehouse of McClain Distributing Company with felonious intent to steal, and (2) did take, steal, and carry away one TV set, property of said company.

Defendant and one Ransom were police officers of Charlotte, and operated a patrol car from 11:00 p.m. until 7:00 a.m. On the night of 5 March 1951, sometime after midnight, defendant told Ransom he wanted to get a TV set. Ransom drove the patrol car to the window of the McClain warehouse. Defendant got on the fender, broke a pane, unlatched the window, and went in. He came out through an overhead door. He had a TV set which he put in the car. Ransom then drove to Creech's motorcycle place and they removed the cardboard covering from the TV set. They then carried it to defendant's automobile. Its whereabouts was not discovered until some time later.

At the conclusion of the State's evidence, the defendant demurred to the evidence under G.S. 15-173. The demurrer was overruled. Defendant excepted and rested without offering testimony. The jury rendered a general verdict of guilty. The court pronounced sentence and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*W. C. Davis and S. M. Millette for defendant appellant.*

BARNHILL, J. The defendant assigns as error the instruction of the court as follows:

"Now, Gentlemen of the Jury, the Court has given you certain of the contentions of both the State and the defendant—not all of them. It is your duty to consider all of the contentions, both for the State and the defendant, and consider all of the evidence or the LACK of evidence of both the State and of the defendant."

The last sentence of the quoted instruction, as it appears in the record before us, was ineptly phrased and ill-advised. It is expressly disapproved. Even so, on this record we are not convinced that it was materially prejudicial to the defendant.

The court specifically instructed the jury that it should consider the fact defendant did not testify in his own behalf in no wise adversely to him, and repeatedly charged the jury that the burden was on the State to satisfy it of defendant's guilt beyond a reasonable doubt before it could

return a verdict of guilty and that if it had "some doubt" or "any doubt" about defendant's guilt it should return a verdict of not guilty.

Furthermore, while defendant's failure to testify is not the subject of comment or consideration, the jury, in weighing the credibility of the evidence offered by the State may consider the fact that it is uncontradicted. *S. v. Weddington,* 103 N.C. 364; *S. v. Winner,* 153 N.C. 602, 69 S.E. 9, or unrebutted by evidence available to defendant. *S. v. Costner,* 127 N.C. 566; *S. v. Kiger,* 115 N.C. 746; *S. v. Jones,* 77 N.C. 520; Stansbury, N. C. Evidence, sec. 56, p. 93. Perhaps this is the thought the court had in mind when it gave the instruction. In any event, when it is considered contextually, it cannot be held for error. The defendant has failed to make it appear that a new trial would probably produce a different result. *S. v. Davis,* 229 N.C. 386, 50 S.E. 2d 37; *S. v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *Braddy v. Pfaff,* 210 N.C. 248, 186 S.E. 340.

When the court completed its charge and as the jury started to leave the jury box, the solicitor addressed the court as follows:

"If your Honor please, in the case of STATE against W. H. RANSOM the defendant waives the finding of a Bill of Indictment and enters a plea of Guilty of Storebreaking and Larceny. Let the Record show that Mr. Kidd represents him."

The defendant immediately moved the court to withdraw a juror and order a mistrial. "At this time, the jury is brought back" and the court cautioned them that if they heard what was said by the solicitor in reference to Ransom as they were leaving the jury box, the jurors should not consider it. Defendant excepted to the refusal of the court to order a new trial.

The exception is without merit. "In practice, it is not uncommon to receive submissions from defendants, or to allow them to plead guilty, at any time while the Court is in session, with a view to convenience, and to expedite business of the Court. And not infrequently, a party on trial with another, for the gravest offense, is allowed to change his plea to guilty, or to consent to a verdict of guilty for some grade of the offense of which he is charged. The Court, however, should be careful, to see that such practice works no undue prejudice to another party on trial. *S. v. Martin,* 70 N.C. 628; *S. v. Pratt,* 88 N.C. 639." *S. v. Hunter,* 94 N.C. 829.

Ransom had just been on the witness stand and testified to facts which clearly disclosed his participation in the crime for the commission of which the defendant was then on trial. The jury was already fully apprized of his guilt. For us to hold that his submission to the charge in the presence of the jury was prejudicial to the defendant would disrupt accepted procedure in criminal courts and materially hamper the orderly

administration of the law. We can perceive no reason why we should place our stamp of disapproval upon it.

The evidence in the case was clear and direct. No doubt the defendant failed to testify in his own behalf because he did not desire to add perjury to the crime he had already committed. On this record he could have no reasonable hope of acquittal in a future trial, for such a verdict would manifest a clear miscarriage of justice. Hence the verdict and judgment must be sustained.

No error.

PARKER, J., took no part in the consideration or decision of this case.