STATE OF NORTH CAROLINA
v.
JOHN DANIEL CLIFTON
No. COA08-1097.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Victoria L. Voight, for the State.
Eric A. Bach, for defendant-appellant.
HUNTER, Robert C., Judge.
On 19 March 2007, defendant John Daniel Clifton was indicted for conspiracy to commit robbery with a deadly weapon. On 7 May 2007, defendant was indicted for eight counts of robbery with a dangerous weapon, and one count of attempted robbery with a dangerous weapon. The case was tried at the 1 October 2007 Criminal Session of Guilford County Superior Court.
At trial, Steven Butler testified for the prosecution and implicated defendant in robberies that occurred on 15 May 2006. During direct examination, Butler testified that he had entered into a plea bargain regarding the offenses for which defendant was being tried. The State introduced a copy of the plea agreement into evidence. Butler testified that he pled guilty to nine counts of robbery with a dangerous weapon, the charges were consolidated, and he was sentenced to a minimum term of forty-eight months imprisonment. Butler further testified that he "agreed to testify truthfully" in exchange for his guilty plea. Defendant did not object.
Defendant was convicted on all counts. The trial court consolidated the charges for judgment and sentenced defendant to a term of sixty-one to eighty-three months imprisonment. Defendant appeals.
Defendant argues on appeal that it was improper for the State to introduce evidence of Butler's guilty plea where Butler's credibility had not been attacked. See State v. Rothwell, 308 N.C. 782, 787-88, 303 S.E.2d 798, 801-02 (1983); State v. Potter, 295 N.C. 126, 136, 244 S.E.2d 397, 404 (1978). Defendant additionally asserts that it was prejudicial error for evidence of the guilty plea to be admitted, because Butler did not admit his full participation in the robberies. See State v. Bryant, 236 N.C. 745, 747, 73 S.E.2d 791, 792 (1953) (there was no prejudicial error because the witness had testified to his own participation in the crime, and thus "[t]he jury was already fully apprized of his guilt"). Thus, because of the alleged improper admission of the evidence of Butler's guilty plea, defendant contends that the trial court should have given a limiting instruction to the jury on how to handle this evidence. Specifically, defendant claims the trial court erred by failing to instruct the jury that they should notconsider Butler's guilty plea when determining defendant's guilt. After careful review, we find no error.
First, to the extent that defendant's argument can be construed as a challenge to the admission of evidence concerning Butler's guilty plea, we conclude that defendant failed to preserve this issue for appellate review. Defendant did not object at trial to admission of the evidence, and defendant failed to assign plain error. See N.C.R. App. P. 10(a), 10(b)(1), 10(c)(4). Therefore, we decline to review defendant's argument concerning admission of the plea agreement into evidence.
Regarding the jury instructions, we note that, initially, defendant did not specifically ask for any instruction concerning the effect of his co-defendant's guilty plea. Instead, he requested an instruction on "witness with immunity or quasi immunity." When the trial court noted that Butler was not granted immunity, defendant argued that Butler had testified in accordance with a plea bargain, and he believed "that would qualify." Defendant's counsel then stated: "I know it seems odd to ask for both of them because they both say similar things. Great care and caution." (Emphasis added). Although unclear, it appears that defendant's counsel requested an instruction on both testimony of a witness under immunity, and testimony of a witness under a plea arrangement. The trial court considered the matter, and instructed the jury as follows:
There is evidence which tends to show that a witness was testifying under and [sic] agreement with the prosecutor for a charge reduction in exchange for testimony or anagreement with the prosecutor for a recommendation for sentence concession in exchange for the testimony. If you find that the witness testified in whole or in part for this reason, you should examine this testimony with great care and caution in deciding whether or not to believe it. If after doing so you believe the testimony in whole or in part, you should treat what you believe the same as any other believable evidence.
We first conclude that while defendant did request an instruction regarding a witness testifying under immunity, it is apparent that such an instruction was not warranted, because Butler was not granted immunity. To the extent that defendant requested an instruction regarding Butler testifying under a plea agreement, we conclude the trial court did instruct the jury as requested. To the extent defendant argues that the trial court should have given some additional or different instruction, defendant did not specifically request any other instruction, did not object to the instruction given, nor does he argue on appeal that the trial court committed plain error for failing to give such an instruction. See State v. Call, 349 N.C. 382, 424, 508 S.E.2d 496, 522 (1998)(defendant failed to properly preserve argument concerning jury instructions "by not objecting to the instructions either during the charge conference or before the jury retired" or by failing "specifically and distinctly" to argue plain error). Moreover, even assuming arguendo that this argument is preserved for our review, we further conclude that any additional instruction on the effect of Butler's guilty plea would have made no difference at trial, and thus defendant has not established that the trial court committed plain error. Accordingly, we find no error. No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).