BRYANT, Judge.
*216 Where the evidence did not support a proposed jury instruction, the trial court did not err in refusing to give that jury instruction. Where the evidence, taken in the light most favorable to the State, was sufficient to show defendant's commission of an offense, the trial court *217 did not err in denying defendant's motion to dismiss for insufficiency of the evidence.
Defendant Billy Ray Oxendine, Jr., was issued two citations, 12 CRS 3688 and 12 CRS 3784, for "tak[ing] [birds] without first having procured a current and valid hunting license" on 1 and 3 September 2012. Co-defendant Samuel Jerren Pedro was issued a citation, 12 CRS 3782, for the same offense on 3 September 2012. The codefendants were tried together at the 29 May 2014 session of Robeson County criminal court, the Honorable Robert F. Floyd, Jr., Judge presiding. At trial, the State's evidence tended to show the following.
On 1 September 2012, game warden Officer Raymond Harris was on patrol with several other officers when he came across a group of dove hunters. Oxendine was one of the hunters in the group. When Officer Harris asked to see Oxendine's hunting license, *21 Oxendine became hostile and used profanity towards Officer Harris and the other officers. Oxendine stated to the officers that he did not need a hunting license and that the officers were "trampling on his rights." Officer Harris issued a citation, 12 CRS 3688, to Oxendine for hunting without a license.
Two days later, on 3 September 2012, game warden Officer Kyle Young received a call about hunting taking place on private property. When Officer Young and several other officers arrived at the property, they encountered "a large gathering of folks there who were dove hunting." Oxendine and Pedro were part of this group. When approached by Officer Young and asked for his hunting license, Oxendine became "verbally agitated." Both Oxendine and Pedro were "very adamant" that they were not required to have a hunting license. Officer Young issued citations to Oxendine and Pedro, 12 CRS 3784 and 12 CRS 3782, respectively, for hunting without a valid license.
On 8 October 2013, Oxendine made a pretrial motion to dismiss on grounds that the North Carolina Wildlife Commission could not issue a citation to him because he is a Native American and, as a result, he is exempt from the requirement of obtaining a hunting license. Oxendine filed an amended motion to dismiss on 23 October 2013, reasserting his allegation of exemption, and later arguing before the trial court that he was exempt from the requirement of having a hunting license because at the time he was cited by the game warden, "he was participating in a Native American hunt religious ceremony." Pedro filed a motion to dismiss on 6 January 2014, also asserting that because he is Native American he is exempt from the requirement of having a hunting license. Pedro filed a second motion to dismiss on 29 May 2014 on grounds that his *218 citation was unconstitutional. The trial court denied all motions to dismiss made by Oxendine and Pedro. Neither Oxendine nor Pedro offered any evidence at trial.
On 30 May 2014, a jury returned guilty verdicts against Oxendine and Pedro on all counts. The trial court sentenced Oxendine to fifteen days imprisonment for each count to be served consecutively, then suspended his sentence and ordered him to serve twelve months supervised probation for each count. The trial court sentenced Pedro to serve fifteen days imprisonment; this sentence was then suspended and Pedro ordered to serve twelve months supervised probation. Oxendine and Pedro each appeal.
_________________________
On appeal, Oxendine contends (I) the trial court erred in refusing to give a requested jury instruction. In his appeal, Pedro argues that (II) the trial court erred in denying Pedro's motion to dismiss.
I.
Oxendine's Appeal
In his sole issue on appeal, Oxendine argues that the trial court erred in refusing to give a requested jury instruction. We disagree.
"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed de novo by this Court." State v. Osorio, 196 N.C.App. 458, 466, 675 S.E.2d 144, 149 (2009) (citations omitted). "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence." State v. Cameron, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973) (citations omitted).
When reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by such evidence, the trial court's failure to give the instruction is reversible error.
Ellison v. Gambill Oil Co., 186 N.C.App. 167, 169, 650 S.E.2d 819, 821 (2007) (citations omitted), aff'd per curiam and disc. review improvidently allowed, 363 N.C. 364, 677 S.E.2d 452 (2009).
*219 A specific jury instruction should be given when (1) the requested instruction was a correct statement of law and (2) was supported *22 by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury.
Outlaw v. Johnson, 190 N.C.App. 233, 243, 660 S.E.2d 550, 559 (2008) (citation and quotation omitted).
Oxendine argues that the trial court erred in refusing to give his requested jury instruction on legal justification. The instruction requested by Oxendine was as follows:
The defendant has been charged with unlawfully and willfully committing a crime.
For you to find that the defendant unlawfully and willfully committed an offense, the defendant must not have had a legal justification as to why he committed the offense.
For the defendant to have unlawfully and willfully committed the offense of hunting [without] a license, you must consider if he was exempt from getting a license under the exempt[ion in N.C. Gen.Stat. § ] 113-276.
The trial court denied Oxendine's request for the proposed jury instruction, stating that neither Oxendine nor Pedro had offered evidence of a legal justification, and that the court had already heard arguments about legal justification based on their motions to dismiss during the pretrial conference and denied them.
On appeal, Oxendine argues that the trial court erred in denying his request for the proposed jury instruction because there was sufficient evidence to show that Oxendine was exempt from the requirement of a hunting license because he had been engaged in a Native American religious hunting ceremony. Pursuant to N.C. Gen.Stat. § 113-276,
[t]he licensing provisions of this Article do not apply to a member of an Indian tribe recognized under Chapter 71A of the General Statutes for purposes of hunting, trapping, or fishing on tribal land. A person taking advantage of this exemption shall possess and produce proper identification confirming the person's membership in a State-recognized tribe upon request by a wildlife enforcement *220 officer. For purposes of this section, "tribal land" means only real property owned by an Indian tribe recognized under Chapter 71A of the General Statutes.
N.C.G.S. § 113-276(l 1) (2013).
Although Oxendine argues that he is "an enrolled member of the Haudenosaunee Confederacy of the Tuscarora Nation," Oxendine is not a member of a Native American tribe recognized by this State under Chapter 71A of our General Statutes. See N.C. Gen.Stat. §§ 71A-1, 3, 4, 5, 6, 7, 7.1, 7.2 (2013) (North Carolina recognizes the following Native American tribes: the Cherokee Indians of Robeson County; the Lumbee Tribe; the Waccamaw Siouan Tribe; the Haliwa-Saponi Indian Tribe; the Coharie Tribe; the Sappony; the Meherrin Tribe; and the Occaneechi Band of Saponi Nation). Officers Harris and Young both testified that Oxendine stated that he was exempt from the requirement of a hunting license and that the officers were "trampling on his rights"; however, Oxendine did not present either officer with an identification card showing membership in a recognized Native American tribe. See id. Further, Oxendine presented no evidence at trial to show that he was hunting on tribal land; rather, the evidence showed that Oxendine was hunting on private property (albeit with permission of the property owners). As such, the trial court did not err in refusing to give Oxendine's proposed jury instruction on legal justification, as the evidence presented showed that Oxendine did not qualify for an exemption to the requirement of a hunting license. Oxendine's argument is, accordingly, overruled.
II.
Pedro's Appeal
In his sole issue on appeal, Pedro contends the trial court erred in denying his motion to dismiss. We disagree.
In reviewing a motion to dismiss, the trial court is to determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.
*23 State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citations omitted). In ruling on a motion to dismiss, the evidence is to be taken in the light most favorable to the State. State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991) (citations omitted).
Pedro was charged with a violation of N.C. Gen.Stat. § 113-270.1B(a) which states in pertinent part: "Except as otherwise specifically provided by law, no person may hunt, fish, trap, or participate in any other activity regulated by the Wildlife Resources Commission for which a *221 license is provided by law without having first procured a current and valid license authorizing the activity." N.C.G.S. § 113-270.1B(a) (2013). This offense, commonly referred to as hunting without a license, requires the State to prove that a defendant took wild birds without a valid license. See State v. Sizemore, 199 N.C. 687, 690, 155 S.E. 724, 725 (1930) ("No person shall at any time take any wild animals without first having procured a license."). Pursuant to our General Statutes, a dove is a type of wild bird. See N.C.G.S. §§ 113-129(11b)(b) ("Those migratory birds for which open seasons are prescribed ... [include] Columbidae (wild doves)"); (15a) (defining "Wild Birds" as including "Migratory game birds[.]").
Pedro argues that the State's evidence was insufficient to show that Pedro "was preparing to immediately kill a dove." At trial, the State presented the testimony of Officer Young who described encountering Pedro amongst a group of dove hunters, one of whom, Oxendine, he observed shoot a dove. Officer Young stated that when he saw Pedro, Pedro was holding a shotgun; that Pedro was "very adamant and expressed to me that [he was] not required to have a hunting license. I continued to hear that over and over again." Officer Young determined, based on his experience as a game warden and the hunting operation he observed that day, that he saw Pedro "immediately preparatory, during, and subsequent to an attempt to take wild birds, to hunt wild birds, whether successful or not." See N.C. Gen.Stat. §§ 113-130(5a) (defining "To Hunt" as "To take wild animals or wild birds."), (7) (2013) (defining "To Take" as "All operations during, immediately preparatory, and immediately subsequent to an attempt, whether successful or not, to capture, kill, pursue, hunt, or otherwise harm or reduce to possession any ... wildlife resources.").
Pedro also contends there was insufficient evidence to show he was immediately preparing to kill a dove because Officer Young did not testify as to whether Pedro's shotgun was loaded or whether there were "any dead doves in the vicinity of the large gathering of people[.]" This contention is without merit. Officer Young's testimony that Pedro was holding a shotgun while associating with a large group of dove hunters, and that one of the hunters, Oxendine, shot a dove in the presence of Pedro, was sufficient to show that Pedro was engaged in the act of dove hunting. We further note that although Officer Young testified that Pedro repeatedly asserted that he was exempt from the requirement of having a hunting license, at no point that day did Pedro deny that he was dove hunting. As such, the evidence, taken in the light most favorable to the State, was sufficient to show that Pedro was dove hunting without a *222 license. Therefore, the trial court did not err in denying Pedro's motion to dismiss. Pedro's argument is, therefore, overruled.
Accordingly, we find no error in the verdict and judgment of the trial court as to both Oxendine and Pedro.
NO ERROR.
Judges DAVIS and INMAN concur.