STATE OF NORTH CAROLINA v. JAMES MANUEL ODOM

No. 707A84

(Filed 2 April 1986)

1. **Constitutional Law § 34; Criminal Law § 128.2— mistrial—second trial not double jeopardy—no objection to lack of required findings—no error**

A second trial for robbery, rape and kidnapping did not violate double jeopardy because there was sufficient evidence to support a conclusion that the jury in the first trial was hung, and although the court did not make the findings required by N.C.G.S. 15A-1064 when granting the mistrial, defendant failed to preserve any error for appellate review under the requirements of App. Rule 10(b)(2).

State v. Odom

2. **Criminal Law § 73.4— statement of eyewitness to officer—admissible as present sense impression**

    The trial court did not err in a prosecution for robbery, kidnapping, and rape by allowing a police officer to testify to the content of a statement given to him by an eyewitness to the abduction who died before trial. The statement was not too remote under the present sense impression exception to the hearsay rule in that the witness notified the police officer immediately after the abduction, the officer was on the scene in ten minutes, and the witness gave him a statement about the event. N.C.G.S. 8C-1, Rule 803.

3. **Criminal Law § 79.1— confession and plea of codefendant—admission prejudicial**

    There was prejudicial error in a prosecution for robbery, kidnapping, and rape where a detective was allowed to testify that a codefendant had pled guilty but the codefendant did not testify, the crucial issue was defendant's identity as one of the assailants, the evidence was not conclusive, and the confession and guilty plea would tend to confirm defendant's identity.

4. **Kidnapping § 1.3— instructions—theory not alleged in indictment—erroneous**

    The trial court erred by instructing the jury on kidnapping for the purpose of facilitating flight where the indictment only alleged kidnapping to facilitate rape. App. Rule 10(b)(2).

    Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by defendant from judgments entered 25 July 1984 by *Bailey, J.,* imposing consecutive sentences of life imprisonment plus two terms of forty years, following trial by a jury at the 23 July 1984 Criminal Session of Superior Court, DURHAM County. Heard in the Supreme Court 15 May 1985.

*Lacy H. Thornburg, Attorney General, by Daniel F. McLawhorn, Assistant Attorney General, for the State.*

*Gary Berman for defendant-appellant.*

FRYE, Justice.

Defendant was charged in separate bills of indictment, filed 7 November 1983, with robbery with a dangerous weapon, first degree rape, and first degree kidnapping. He was initially tried for these offenses in January of 1984 before Brannon, J., in the Superior Court, Durham County. When the jury announced itself unable to agree on any verdict, Judge Brannon declared a mistrial. Upon retrial before Bailey, J., at the 23 July 1984 Criminal Session of Superior Court, Durham County, a new jury found

defendant guilty as charged. Judge Bailey sentenced defendant to consecutive terms of life imprisonment for the first degree rape conviction and forty years for each of the two other convictions. Defendant appealed his conviction for first degree rape to this Court; his motion to bypass the Court of Appeals on the two lesser offenses was granted 21 December 1984.

Defendant brought four issues before this Court:

1) whether the declaration of a mistrial at defendant's first trial was error entitling him to have the charges against him dismissed;

2) whether the out-of-court account of an eyewitness, since deceased, given to a police officer approximately ten minutes after the victim was abducted from a public sidewalk was admissible at trial as a present sense impression under Rule 803(1);

3) whether the out-of-court statement by a codefendant who was neither tried with defendant nor called to testify was admissible; and

4) whether there was a fatal variance between the charge in the indictment and the charge to the jury on first degree kidnapping.

We find no reversible error as to the first two issues but agree with defendant that there was error with respect to the last two.

A lengthy recitation of the distressing facts surrounding the commission of these crimes is unnecessary for discussion of the issues raised on appeal. The evidence the State introduced at trial showed that defendant and Darris Brown confronted their victim[1] as she entered her car in front of the Angier Avenue Post Office in East Durham on 14 September 1983. Brown pointed "something" at the victim and demanded that she hand over her money. Defendant then got in the car and demanded her car keys. The two forced her to accompany them in the car to a more isolated location. Upon stopping, defendant clearly revealed a gun, took the victim's rings and watch, then told her to remove her clothes

---

1. The victim will not be named in this opinion to spare her further embarrassment.

and lie down on the back seat of the car. There the victim was raped by both defendant and Brown. The two men then took the victim to a parking lot near Durham Technical Institute and left her there, otherwise unharmed. She drove home and called her parents and her boyfriend; her parents called the police.

I.

[1] The record shows that at defendant's first trial, the jury returned to the courtroom after approximately five or six hours of deliberation. The foreman told the judge that the jury was deadlocked. He said that the jurors were split evenly on the question of defendant's guilt in all three offenses and had been so for two to three hours. The jury believed that there was no reasonable possibility for agreement. After a consultation off the record with counsel at the bench, the judge declared a mistrial *ex mero motu.* His order reads in pertinent part:

It is now ORDERED:

(xx) Other          The jurors return into open court and state to the Court that they are unable to agree upon a verdict and were split 6 and 6 whereupon the Court withdraws juror #1 and declares a Mistrial on all three cases.

Prior to defendant's second trial, he moved for a dismissal of the charges against him on two grounds: that the judge failed to make the findings required by N.C.G.S. § 15A-1064, and that a second trial on these charges would violate the defendant's constitutional right against being placed in double jeopardy. The trial judge denied both motions.

The courts in this country have long held that the prohibition against double jeopardy does not prevent defendant's retrial when his previous trial ended in a hung jury. *See State v. Simpson,* 303 N.C. 439, 279 S.E. 2d 542 (1981); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). *See also State v. Booker,* 306 N.C. 302, 293 S.E. 2d 78 (1982), and *State v. Battle,* 279 N.C. 484, 183 S.E. 2d 641 (1971) (the general rule in North Carolina is that an order of mistrial will not support a plea of former jeopardy). The decision to order a mistrial lies within the discretion of the trial judge. *Arizona v. Washington,* 434 U.S. 497, 54 L.Ed. 2d 717 (1978); *State v. Alston,* 294 N.C. 577, 243 S.E. 2d 354 (1978); *State v. Birkhead,* 256 N.C. 494, 124 S.E. 2d 838 (1962).

Nevertheless, where the order of mistrial has been improperly entered over a defendant's objection, defendant's motion for dismissal at a subsequent trial on the same charges must be granted. *State v. Birkhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243 (1954); *State v. Jones,* 67 N.C. App. 377, 313 S.E. 2d 808, *cert. denied,* --- N.C. ---, 315 S.E. 2d 699 (1984). There must be a showing of "manifest necessity" for an order of mistrial over defendant's objection to be proper. *Arizona v. Washington,* 434 U.S. 497, 54 L.Ed. 2d 717.

We note that defendant made no objection preserved in the record to the trial judge's order. He apparently had an opportunity to do so, during the bench conference, and he does not argue here that he was denied this opportunity. He has therefore waived objection on appeal. *State v. Oliver,* 309 N.C. 326, 307 S.E. 2d 304 (1983). Even if defendant had objected, however, the trial judge's declaration of mistrial would not have been improper under the constitutional standard. A "hung" jury is a classic example of manifest necessity. *Arizona v. Washington,* 434 U.S. 497, 54 L.Ed. 2d 717. To comply with the requirements of the United States Constitution, the presiding judge need make no specific findings so long as there is sufficient evidence in the record to justify his decision. *Id.* There is sufficient evidence in the record here to support a reasoned conclusion that the jury was truly hung: the jury had deliberated for several hours, the foreman said that they were divided six—six on each charge, that the vote had remained constant for two or three hours, and that the jurors themselves did not feel that they would ever agree. After eliciting these facts, the judge was acting within his sound discretion when he declared a mistrial.

North Carolina, on the other hand, does require by statute that the judge make findings of fact to support an order declaring a mistrial. This Court has long required such findings in capital cases. *See State v. Birkhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243. The legislature in 1977 extended this requirement to all grants of mistrial.

§ 15A-1064. Mistrial; finding of facts required.

Before granting a mistrial, the judge must make finding [sic] of facts with respect to the grounds for the mistrial and insert the findings in the record of the case.

N.C.G.S. § 15A-1064 (1983). The official commentary to the statute adds:

> This provision will be important when the rule against prior jeopardy prohibits retrial unless the mistrial is upon certain recognized grounds or unless the defendant requests or acquiesces in the mistrial. If the defendant requests or acquiesces in the mistrial, that finding alone should suffice.

The making of findings sufficient to support the judge's decision to grant a mistrial is therefore mandatory, and the failure to make such findings would be error. Our Court of Appeals has so held. *See State v. Jones,* 67 N.C. App. 377, 313 S.E. 2d 808, *cert. denied,* --- N.C. ---, 315 S.E. 2d 699, and *State v. Coviel,* 69 N.C. App. 622, 317 S.E. 2d 917 (1984), *cert. denied,* 312 N.C. 799, 325 S.E. 2d 634 (1985).

In the case at hand, defendant contends that the trial judge failed to make such findings. The State does not contest this assertion or contend that the judge's order did in fact contain sufficient information. We note that the judge's order included only facts suggesting that the jury had not been able to agree up to that point without referring to any of the evidence that supported a conclusion that it was not likely to agree at some later point.

However, as noted previously, the defendant failed to make any objection at trial. He has therefore failed to preserve any error for appellate review under the requirements of Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure.

Defendant relies for relief upon the mandatory nature of N.C.G.S. § 15A-1064 as that statute was interpreted by the Court of Appeals in *Jones* and *Coviel.* As the State correctly contends, the defendants in *Jones* and *Coviel* did object to the declaration of mistrial while defendant here did not. The statute's mandatory nature does not relieve defendant of his responsibility to "prevent avoidable errors and the resulting unnecessary appellate review," *State v. Walker,* 316 N.C. 33, 37, 340 S.E. 2d 80, 82 (1986), by lodging an appropriate objection.

Because defendant was therefore not entitled to have the charges against him dismissed, Judge Bailey did not err in refusing to dismiss them.

## II.

[2]  Defendant argues secondly that the trial court erred in admitting as substantive evidence the out-of-court statement of one Willie Hartell, an eyewitness to the abduction of the victim. Immediately after the abduction, Mr. Hartell went into the post office, told a clerk what had occurred and asked him to call the police. Officer Roberts, a Durham Public Safety Officer, responded to the call and arrived on the scene ten minutes later. Mr. Hartell then described the abduction, the victim's car, and the appearance of the two assailants. Officer Roberts testified that Mr. Hartell did not appear excited or upset. Mr. Hartell died before the trial, and Officer Roberts was allowed to testify to the content of Mr. Hartell's statement to him under North Carolina Rule of Evidence 803(1), the exception to the hearsay rule for present sense impressions.

Rule 803, effective 1 July 1984, reads in pertinent part as follows:

Rule 803. Hearsay exceptions; availability of declarant immaterial.

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

1) Present Sense Impression.— A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

N.C.G.S. § 8C-1, Rule 803 (1985). Because Mr. Hartell's statement was not made while he was perceiving the event, it would have to qualify as being made "immediately thereafter."

The authors of the official commentary to the rules were of the opinion that the present sense exception to the hearsay rule is new to North Carolina law. Commentary, N.C.G.S. § 8C-1, Rule 803 (1983); 1 Brandis on North Carolina Evidence § 164 (2d ed. 1982); *contra* Crumpler and Widenhouse, *An Analysis of the New North Carolina Evidence Code: Opportunity for Reform*, 20 Wake Forest L. Rev. 1, 76-7 (1984). Therefore, for interpretation of the "immediately thereafter" requirement, we turn first to the words of the official commentary:

> The underlying theory of Exception (1) is that substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation. Moreover, if the witness is the declarant, he may be examined on the statement. If the witness is not the declarant, he may be examined as to the circumstances as an aid in evaluating the statement. (Citation omitted.)

> Spontaneity is the key factor . . . .

> With respect to the *time element*, Exception (1) recognizes that in many, if not most, instances precise contemporaneity is not possible, and hence a slight lapse is allowable.

Commentary, N.C.G.S. § 8C-1, Rule 803 (1983). (Emphasis in original.) The federal courts, in interpreting the identically worded requirement in the Federal Rules of Evidence, have said, "There is no *per se* rule indicating what time interval is too long under Rule 803(1) . . . . [A]dmissibility of statements under hearsay exceptions depends upon the facts of the particular case." *United States v. Blakey*, 607 F. 2d 779, 785 (7th Cir. 1979) (citations omitted). Under the identical Federal Rule, the lapse of time allowable appears to be very small, *see, e.g., United States v. Portsmouth Paving Corp.*, 694 F. 2d 312 (4th Cir. 1982); *United States v. Peacock*, 654 F. 2d 339 (5th Cir. 1981); and *United States v. Early*, 657 F. 2d 195 (8th Cir. 1981). A statement made at least fifteen and possibly forty-five minutes after an incident has been held too remote, *see Hilyer v. Howat Concrete Co., Inc.*, 578 F. 2d 422 (D.C. Cir. 1978), but one made between "several minutes" and twenty-three minutes after an event was held admissible as a present sense impression under the facts of that particular case, *see United States v. Blakey*, 607 F. 2d 779.

Mr. Hartell went to notify the police immediately after the abduction. The officer was on the scene in ten minutes; Mr. Hartell then gave him a statement about the event. Under the facts of this particular case, Mr. Hartell's statement was not too remote to be admissible under Rule 803(1).

### III.

[3] Defendant contends thirdly that the trial court erred in permitting a detective to testify, over defendant's objections, that

Darris Brown had admitted his involvement and pled guilty. North Carolina recognizes a "clear rule" that "neither a conviction, nor a guilty plea, nor a plea of *nolo contendere* by one defendant is competent as evidence of the guilt of a codefendant on the same charges." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E. 2d 228, 230 (1979); *see also State v. Rothwell*, 308 N.C. 782, 303 S.E. 2d 798 (1983). While it is proper to admit such evidence if it is introduced by the testimony of the codefendant himself for some legitimate purpose, *see, e.g., State v. Rothwell*, 308 N.C. 782, 303 S.E. 2d 798, an introduction of such evidence when the codefendant does not testify deprives defendant of his constitutional right of confrontation and cross-examination. *Id. See also State v. Gonzalez*, 311 N.C. 80, 316 S.E. 2d 229 (1984) (extrajudicial confessions). Here, Darris Brown did not testify. Admission of evidence concerning his out-of-court confession and guilty plea was therefore error.

The State contends that defendant was not prejudiced by this error because of the strength of the evidence against him. The crucial issue in this case was defendant's identity as one of the victim's assailants. Basically two types of evidence connected him to the crimes. First was the victim's positive in-court identification. However, the victim testified that she was partially blindfolded during the commission of the crimes, had never seen her assailants before, was upset at the time, and had not seen either assailant in the four and a half month interval between the crimes and defendant's appearance in the dock at his first trial. She had also apparently selected a few photographs of other individuals as possibly being those of the second man. Second, as circumstantial evidence, defendant's keys were found in the victim's car, and he later had possession of her ring. Defendant gave an explanation for these circumstances at trial. He also denied any involvement in the crimes against the victim and testified that he was elsewhere on that afternoon. One of the State's witnesses placed defendant in Darris Brown's company about half an hour before the assault on the victim. Evidence that Brown had confessed and pled guilty would tend to confirm defendant's identity as Brown's partner in crime. In light of the fact that the first jury was evenly split on the question of defendant's guilt, we cannot agree with the State that the error, which was properly objected to, was not prejudicial.

## IV.

[4] Defendant's fourth contention is that the trial court committed "plain error" when it instructed the jury on a kidnapping theory not alleged in the indictment. The kidnapping indictment against defendant reads in pertinent part:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did kidnap [the victim], a person who had attained the age of 16 years, by unlawfully confining her and removing her from one place to another without her consent and for the purpose of facilitating the commission of a felony, rape. [The victim] was sexually assaulted.

In response to a request from the prosecutor, the trial judge instructed the jury as follows:

> For you to find the defendant guilty of first degree kidnapping there are five things that the State must prove beyond a reasonable doubt. First, that the defendant in this case, James Manuel Odom, either acting alone or in concert with some other person, unlawfully confined [the victim] within a given area, such as within an automobile or removed her from one place to another, such as the place where the rape was committed to the place where she finally made good her escape. Second, that [the victim] did not consent. Again, consent obtained or induced by fear is not consent. Third, that the defendant Odom confined or removed [the victim] *for the purpose of facilitating his flight after committing rape.* Fourth, that this confinement or restraint, this removal, confinement or removal was a separate, and complete independent act apart from any rape. What I'm saying to you, Ladies and Gentlemen, is that if the rape was completed and over with, kidnapping was done for a different purpose. If you find that, then you can find him guilty of first degree kidnapping. But if it was part and parcel of the rape *or for the purpose of committing the rape, no.* Fifth, that when the victim had been released, she had been sexually assaulted. Therefore, I instruct you that if you find from the evidence and beyond a reasonable doubt that on or about the 14th day of September 1983, James Manuel Odom unlawfully confined [the victim] in

a motor vehicle or removed her from a place where she was to some other place, behind the apartment project, and that [the victim] did not consent to this removal or confinement and that this was done for the purpose of facilitating the defendant and Brown or either of them commit to [sic] *flight after committing the felony of rape*, and that the defendant—that the victim, when released had been sexually assaulted and that this removal or confinement of [the victim] was a separate and complete act, independent of and apart from the felony of rape, if you find those things from the evidence and beyond a reasonable doubt, it will be your duty to return a verdict of guilty of first degree kidnap [sic]. However, if you do not so find or have a reasonable doubt as to any one of these things, then for your verdict you must say that he is not guilty.

(Emphasis added.) Defendant was thus convicted of a crime for which he was not indicted.

Because the trial judge's instructions to the jury charged on a theory not supported by the indictment, the instruction was erroneous. As this Court said in *State v. Brown*, 312 N.C. 237, 248-49, 321 S.E. 2d 856, 863 (1984),

This Court has consistently held that it is error . . . for the trial judge to permit a jury to convict upon a theory not supported by the bill of indictment. Unlike the short-form indictments authorized for homicide (N.C. Gen. Stat. § 15-144 (1983)) and rape (N.C. Gen. Stat. § 144.1 (1983)), an indictment charging first-degree kidnapping *must* include information 'regarding the factual basis under which the State intends to proceed and . . . the State is limited to that factual basis at trial.'

The State argues that because defendant did not object to the erroneous instruction at trial, Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure bars him from arguing this error on appeal.

In *State v. Brown*, however, this Court applied the "plain error" rule to a similar factual situation and awarded that defendant a new trial. The State concedes that the facts in *Brown* are substantially similar to the ones here. In *Brown*, the indictment

State v. Odom

charged the defendant with kidnapping by reason of removing the victim from one place to another "for the purpose of facilitating the commission of a felony, to wit: attempted rape." *Brown,* 312 N.C. at 247, 321 S.E. 2d at 862. At trial, the judge instructed the jury on a completely different theory, that the kidnapping was for the purpose of terrorizing the victim. The State would distinguish the case at hand from *Brown* on the grounds that the defendant in *Brown* did object. However, because the objection was not made until the jury had retired to deliberate, objection was not timely and thus did not preserve the error for appellate review. Because defendant in *Brown* also had to rely upon the plain error rule, the State's distinction is not persuasive. Nevertheless, we need not decide whether *Brown* requires that defendant be given a new trial on the kidnapping charge in this case, since we have already determined that defendant is entitled to a new trial on all charges.

## V.

To summarize, the trial court did not err in refusing to dismiss the charges against defendant before his second trial on grounds of double jeopardy or in allowing the out-of-court statement of the eyewitness, Willie Hartell, to be admitted into evidence as a present sense impression. However, the court committed prejudicial error in admitting evidence of the out-of-court confession and guilty plea of the non-testifying codefendant, Darris Brown, entitling defendant to a new trial on all charges.

New trial.

Justice BILLINGS did not participate in the consideration or decision of this case.