STATE OF NORTH CAROLINA v. GARY ALTON CLINDING

No. 8810SC355

(Filed 17 January 1989)

1. **Criminal Law § 76.6— testimony in another trial amounting to confession—sufficiency of findings as to admissibility**

   The trial court made adequate findings of fact to support his ruling admitting defendant's testimony in the earlier trial of his brother which amounted to a confession of the crime charged in this case.

2. **Criminal Law § 75.13— confession in another trial—confession made on attorney's advice—confession not coerced**

   Defendant's testimony in his brother's earlier trial which amounted to a confession of the crimes charged in this case was not a coerced confession, even though the testimony was given as a result of defendant's own attorney's advice to cooperate with the authorities, since the attorney was not a person in authority in the sense of having defendant in his control or custody.

3. **Kidnapping § 1.3— kidnapping and robbery arising from same incident—instructions on kidnapping proper**

   Where there was evidence that defendant forced five employees to the back of a store and into a freezer, retrieved one employee and forced him from the freezer and into the office where he was forced to open the safe, guided the employee back to the freezer, informed all five employees that they would be shot if they left the freezer, and committed all the acts with the use of a deadly weapon, the trial court's instruction that the State must prove beyond a reasonable doubt that defendant confined, restrained or removed the victims from one place to another for the purpose of facilitating an armed robbery was sufficient for the jury to understand that it must find that the confinement or

removal was separate and apart from the robbery in order to find defendant guilty of kidnapping.

**4. Kidnapping § 1.3 — instruction on lesser offense erroneous — defendant not prejudiced**

Though the trial court erred in instructing, over objection, that defendant might be convicted of kidnapping for the purpose of facilitating armed robbery, as charged, if the jury found that the kidnapping was for the purpose of facilitating common law robbery, defendant was not prejudiced, since the erroneous instruction was on a lesser included offense; essentially the same evidence was required to prove the State's theory and the theory in the erroneous instruction; and defendant's confession along with the positive eyewitness testimony of five people allowed for no reasonable possibility that a different result would have been reached at trial had the error not been committed.

**5. Kidnapping § 1.3 — removal and confinement alleged in indictment — instruction on restraint not prejudicial**

There was no merit to defendant's contention that the trial court committed plain error in instructing the jury on restraint when the indictment alleged only removal and confinement as theories of kidnapping, since evidence of defendant's guilt was overwhelming, and there was no reasonable possibility that a different result would have been reached had the instruction not been given.

APPEAL by defendant from *Fountain, George M., Judge.* Judgment entered 20 November 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 31 October 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorneys General Teresa L. White and Grayson L. Reeves, Jr., for the State.*

*J. Randolph Riley for defendant-appellant.*

JOHNSON, Judge.

Defendant appeals from his convictions of robbery with a dangerous weapon and four counts of second degree kidnapping. He was sentenced to forty-two years' imprisonment.

The State's evidence tended to show the following: On the evening of 28 September 1986 at around 11:00 p.m., John Johnson, assistant manager of the Wendy's establishment on Western Boulevard in Raleigh, North Carolina was approached by a man who forced him to get onto the floor. Johnson and four other employees, Susan Worthington, Cynthia Oates, Ronald Wyatt and Linda Thompson were then taken to the back of the store and

placed into the freezer by defendant and an accomplice who was providing instructions. After about two minutes had elapsed, defendant and the accomplice forced Johnson from the freezer and took him into the office where the safe was located. While held at gunpoint, Johnson opened the safe. Defendant then removed all the money and placed it into an employee's book bag. He then took Johnson back to the freezer and told him, along with the others, that they would be shot if they came out of the freezer.

Detective D. C. Williams of the Raleigh Police Department testified that he had his first meeting with defendant on 1 April 1987, after defendant had been arrested and was later taken to his office. He then attempted to advise defendant of his rights and to interview him. Defendant refused to sign a waiver but talked to Detective Williams about his activities of the previous week. This conversation was not taped, but Detective Williams took notes as the information was relayed to him, which he later read in open court. All of this information concerned a robbery of Roger's Food Mart, in connection with which defendant had been identified.

Detective Williams testified further that he had his second meeting with defendant on 13 April 1987 while defendant's attorney was present. Prior to this interview, which was tape recorded and later transcribed, defendant signed a waiver of his rights. Detective Williams, along with defendant's attorney, who explained the waiver to him, witnessed his signature.

At the trial of his brother, Lycoe Clinding, defendant testified on 30 June 1987 that he committed the 28 September 1986 robbery of Wendy's on Western Boulevard. He stated that he used a gun in the commission of this robbery which he pointed at a fellow while forcing him to open the safe. He also stated that he had been made no promises by the State in exchange for his testimony. A transcript of this testimony was admitted as evidence in defendant's own trial.

On appeal, defendant's first two Assignments of Error concern the admissibility of two statements which he contends were inculpatory. Although defendant refers to the statement he made to Detective Williams on 13 April 1987, the bulk of his argument relates to the testimony he gave on 30 June 1987 in his brother's trial, which was later admitted as evidence in his own trial.

[1]   He first argues that the trial court failed to make adequate findings of fact showing the basis for admitting this testimony which amounted to a confession. We do not agree.

The general rule as stated in *State v. Lang*, 309 N.C. 512, 308 S.E. 2d 317 (1983) is that after conducting a *voir dire* hearing to test the admissibility of a defendant's confession, the trial judge should make findings of fact showing the basis for the ruling. Although it is the better practice to always find facts supporting the admissibility of the evidence, the procedure is not required where there is no conflict at all in the evidence or only immaterial conflicts. *Id.*

At the trial of this matter on *voir dire* examination, the trial court specifically found the following facts:

> [t]hat the Defendant was represented by Mr. George Hughes, an attorney of Wake County at the—at the times these alleged statements were made. That Mr. Hughes was diligent in his representation of the Defendant and learned that he had several other charges pending in addition to those for which he is now being tried. In his best judgment, it was to the best interest of the Defendant to cooperate with the State, and he communicated that fact to the Defendant.

> . . .

> The Defendant informed Mr. D. C. Williams, a police officer of the City of Raleigh, who attempted to read him his Miranda rights that he did not wish to hear those rights, that he was—that he knew what his rights were, and he had in fact been informed of his Miranda rights on one or more prior occasions when he has been arrested.

> . . .

> During the trial of his brother on April 30, 1987, the Defendant freely, voluntarily, and knowingly testified for the State, and his testimony has been transcribed.

Adhering to the rule set forth in *Lang*, we find that the trial judge made adequate findings of fact to support his ruling to admit the challenged statements. The court did not merely state a conclusion of law that this testimony was freely and voluntarily given, *State v. Booker*, 306 N.C. 302, 293 S.E. 2d 78 (1982), as de-

fendant alleges, but also found facts which demonstrated, at least in part, how this decision was reached.

[2] Defendant next contends that the trial court erred in admitting the transcript of his testimony given in his brother's trial as evidence in his own trial. He essentially contends that his confession was induced by promise or hope for reward, prohibited by *State v. Chamberlain*, 307 N.C. 130, 297 S.E. 2d 540 (1982). We disagree.

Defendant has failed to demonstrate how a "person in authority" induced him to confess by making promises. *State v. Fuqua*, 269 N.C. 223, 228, 152 S.E. 2d 68, 72 (1967). He argues that by following his own attorney's advice to cooperate with the authorities, his action in doing so became a coerced confession. We find such an argument untenable, and are guided by the reasoning set forth in *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975).

In *Thompson* the Court found that defendant's father, who was a police officer by profession, was not a " 'person in authority' in the sense of having defendant in his control or custody." *Id.* at 323, 214 S.E. 2d at 755. The Court was also influenced by the defendant's previous criminal activities, which indicated that the son was not that susceptible to being dominated by his father.

In the case *sub judice*, the "person in authority" is, according to defendant, his own attorney. It is obvious to us that the attorney had neither custody nor control over defendant but merely performed the role for which he was retained, to provide counsel. Defendant also stated in his own brief that he "had been released on bond previously in exchange for assistance to the police department in providing names and information about armed robberies." He was well acquainted with the legal system and was thus much less capable of being coerced than he suggests.

We therefore hold that the trial court was correct in overruling defendant's motion to suppress his confession.

[3] By his next three Assignments of Error defendant challenges the instructions given to the jury on the kidnapping charges. He first contends that the trial court erred in refusing to instruct that in order for defendant's acts of confinement to constitute kidnapping, they must have been separate, complete and independent of the robbery. We disagree. The leading case which de-

fendant cites in support of his position, *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978), is not helpful to him on this issue.

In *Fulcher*, a case involving kidnapping and crimes against nature, the Court stated that because certain felonies such as rape or armed robbery inherently include some degree of restraint of the victim, it was of the opinion that the Legislature did not intend to make such an inevitable restraint punishable as kidnapping pursuant to G.S. sec. 14-39. The Court recognized, on the other hand, that two or more offenses may emerge from the same course of conduct and stated that

> there is no constitutional barrier to the conviction of a defendant for kidnapping, by restraining his victim, and also of another felony to facilitate which such restraint was committed, *provided the restraint, which constitutes the kidnapping, is a separate, complete act, independent of and apart from the other felony.*

*Fulcher* at 524, 243 S.E. 2d at 352 (emphasis added).

In applying these principles to the facts, the Court found that the State's evidence clearly supported the jury's finding that the defendant bound the victims' hands and forced them to submit by threatening the use of a deadly weapon, thus restraining them for the purpose of committing a crime against nature. "The restraint of each of the women was separate and apart from, and not an inherent incident of, the commission upon her of the crime against nature, though closely related thereto in time." *Id.*

In the case *sub judice*, the trial court instructed the jury that

> the State has the burden of satisfying you from the evidence and beyond a reasonable doubt that Susan Worthington as to that particular case was over the age of 18—of 16 years and that the Defendant unlawfully confined her, restrained her or removed her from one place to another; and that if he did so, for the purpose of facilitating the commission of any felony—strike that. *If he did so for the purpose of facilitating the felony of robbery, then that would constitute second degree kidnapping.* The same rule applies as to Ronald Wyatt, Cynthia Oats (sic) and Linda Thompson.

. . .

Furthermore, the bill alleges that these four people were restrained and confined and removed from one place to another for the purpose of facilitating an armed robbery—the felony of armed robbery.

(Emphasis added.) This instruction is similar to the one given in *State v. Battle*, 61 N.C. App. 87, 300 S.E. 2d 276, *disc. rev. denied*, 309 N.C. 462, 307 S.E. 2d 367 (1983), an armed robbery case in which the trial court instructed that the State had the burden of proving beyond a reasonable doubt that the defendant removed the victim from one place to another for the purpose of facilitating flight after the commission of a felony.

On appeal, this Court overruled defendant's assignment of error based upon the trial court's failure to instruct the jury that the removal must have been separate and apart from that which is an inevitable feature of the commission of another felony. The court opined that since the trial court charged the jury in the language from the statute, the instruction "complied with the requirement of *Irwin* [*State v. Irwin*, 304 N.C. 93, 282 S.E. 2d 439 (1981)], that the jury find that the removal be separate and apart from the other felony in order to find him guilty of kidnapping." *Battle* at 93, 300 S.E. 2d at 279.

There is evidence in the case *sub judice* that defendant forced five employees to the back of the store and into a freezer; retrieved one employee and forced him from the freezer and into the office where he was forced to open the safe; guided that employee back to the freezer; and informed all five employees that they would be shot if they left the freezer. All of these acts were committed with the use of a deadly weapon.

We find that this evidence was sufficient to support the trial court's instruction as given. The court, as in *Battle*, instructed the jury with statutory language. *Fulcher*, at 524, 243 S.E. 2d at 352. This procedure complied with the *Irwin* directive that the jury must find that the removal is separate and apart from the other felony in order to find defendant guilty of kidnapping.

[4] Defendant next contends that the trial court erred in instructing, over objection, that defendant might be convicted of kidnapping for the purpose of facilitating armed robbery, as charged, if the jury found that the kidnapping was for the purpose of facilitating common law robbery, a theory not charged.

We note at the outset that the trial court erred in submitting this theory to the jury because it was not supported by the indictment. *State v. Odom*, 316 N.C. 306, 341 S.E. 2d 332 (1986); *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984). However, we find the error nonprejudicial.

We find *Brown* and *Odom* distinguishable from the instant case. In *Brown*, the indictment charged defendant with kidnapping by reason of moving the victim from one place to another for the purpose of facilitating rape. The trial court instructed the jury that the kidnapping was committed for the purpose of terrorizing the victim. In *Odom*, the indictment charged defendant with kidnapping for the purpose of facilitating rape and the trial court instructed the jury that the kidnapping was for the purpose of facilitating flight after committing rape.

In the case *sub judice* the trial court instructed the jury as follows: "But if you find the Defendant guilty of either armed robbery *or common law robbery* and find that the defendant kidnapped the person referred to in each charge for the purpose of facilitating that robbery, then you would return a verdict of guilty of second degree kidnapping." (Emphasis added.) The erroneous instruction was on a lesser included offense of that charged in the indictment. We find that this fact clearly distinguishes our case from *Brown* and *Odom*. Essentially the same evidence was required to prove the State's theory and the theory in the erroneous instruction, save the use of the dangerous weapon.

Moreover, in view of defendant's confession, along with the positive eyewitness testimony of five persons, we conclude that the error committed in this regard was harmless beyond a reasonable doubt. In our view there is no reasonable possibility that a different result would have been reached at trial had this error not been committed. *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406 (1966). Defendant's assignment of error is therefore overruled.

[5] Lastly, defendant contends that the trial court committed plain error in instructing the jury on restraint when the indictment alleged only removal and confinement as theories of kidnapping. Because the evidence of defendant's guilt in this case is overwhelming, to wit: the testimonies of five eyewitnesses, and a confession by the defendant explaining his involvement in the

crimes, suffice it to say that we do not believe that a different result would likely have been reached had this instruction not been given. *Odom, supra.*

It is for these reasons that in the trial of defendant's case we find

No error.

Chief Judge HEDRICK and Judge PARKER concur.