STATE OF NORTH CAROLINA v. LEE ANDREW SANDERS, Defendant

No. COA95-776

(Filed 18 June 1996)

**1. Evidence and Witnesses § 1240 (NCI4th)— defendant not in custody—voluntariness of statement**

The trial court's findings were sufficient to support a conclusion that a reasonable person in defendant's position would not have believed himself to be in custody and his statement to officers was voluntary where the court found that defendant agreed to accompany detectives to the police station as requested; the interview room had doors for privacy but no locks; two detectives were in the room with defendant for the two-hour interview and were joined by a third officer for a brief time; defendant was never threatened or promised that he would not be prosecuted or would obtain a lesser sentence by cooperating with police; defendant was allowed to relieve himself upon request and was allowed a 20-minute break outside the interview room to smoke a cigarette; defendant was told he was free to leave and could call his wife later; defendant was confronted with physical evidence found at the crime scene, which was true, and was told that the victim had identified him, which was not true; and defendant admitted robbing and beating the victim but consistently denied that he had used a weapon.

**Am Jur 2d, Criminal Law §§ 749, 750; Evidence §§ 788 et seq.**

**What constitutes "custodial interrogation" within rule of *Miranda v. Arizona* requiring that suspect be informed**

STATE v. SANDERS

[122 N.C. App. 691 (1996)]

**of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.**

**2. Appeal and Error § 155 (NCI4th)— trial court's declaration of mistrial ex mero motu—failure of defendant to object— issue not preserved for review**

Where defendant raised no objection to the trial court's declaration of mistrial, even though the judge gave notice of his decision to declare a mistrial on his own motion, and there was ample opportunity for defendant to object to this decision, defendant failed to preserve this issue for appellate review.

**Am Jur 2d, Appellate Review §§ 186, 614.**

Appeal by defendant from judgment entered 14 March 1995 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 25 March 1996.

*Attorney General Michael F. Easley, by Associate Attorney General James T. Johnson, for the State.*

*David S. Brannon for defendant-appellant.*

MARTIN, John C., Judge.

On 22 August 1994, defendant was indicted by the Wake County grand jury for robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury. Both offenses were alleged to have occurred on 6 August and to have been committed against Alfonza Batten. Defendant entered pleas of not guilty and filed a pretrial motion to suppress evidence of an inculpatory statement made to Raleigh police officers.

The motion to suppress was heard by Judge Henry W. Hight, Jr., on 17 October 1994. Judge Hight made findings of fact, concluded defendant was not in custody at the time he made the statement and that his statement was voluntary, and denied the motion to suppress.

Defendant's trial commenced on 31 October 1994 before Judge A. Leon Stanback. On 3 November 1994, while the jury was deliberating, Judge Stanback declared a mistrial *ex mero motu.* The mistrial order stated "Court finds that procedure errors were made during course of trial therefore with [sic] withdrew juror # 1, and on Court [sic] own Motion declared Mis-trial [sic]."

On 8 November 1994, the grand jury returned superseding bills of indictment. Defendant subsequently moved to dismiss the indictments on double jeopardy grounds, alleging that Judge Stanback had not followed the requirements of G.S. § 15A-1064 when declaring the mistrial in that he made no findings of fact as to the grounds for declaring the mistrial before doing so. Defendant's motion to dismiss was heard on 9 February 1995 by Judge Stanback, who denied the motion and entered a second written order of mistrial in which he made findings of fact as to the grounds upon which he had earlier declared the mistrial.

The case was tried before Judge Wiley Bowen commencing 13 March 1995. Prior to trial, defendant renewed his earlier motion to dismiss and motion to suppress. Judge Bowen denied both motions. The jury returned verdicts finding defendant guilty of robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury. Defendant appeals from judgments entered upon the verdicts.

---

Defendant appeals from the trial court's denial of his motions: (1) to suppress the evidence of his inculpatory statement; and (2) to dismiss on grounds of former jeopardy. We reject defendant's arguments and find no error.

I.

[1] First, defendant assigns error to the denial of his motion to suppress. He argues the totality of the circumstances show he was in police custody at the time he made the statement, that he was not warned of his rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966), and, therefore, his statement was inadmissible as evidence against him.

The criterion for determining police custody "is an objective test as to whether a reasonable person in the position of the defendant would believe himself to be in custody or that he had been deprived of his freedom of action in some significant way." *State v. Greene*, 332 N.C. 565, 577, 422 S.E.2d 730, 737 (1992) (citing *Oregon v. Mathiason*, 429 U.S. 492, 50 L. Ed. 2d 714 (1977); *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985)). The test is, after examining all of the circumstances surrounding the interrogation, "whether a reasonable person in the suspect's position would feel free to leave at will or compelled to stay." *State v. Mahaley*, 332 N.C. 583, 591, 423 S.E.2d 58, 63 (1992). *See also Stansbury v. California*, 511 U.S. ——, ——, 128 L. Ed. 2d

293, 298 (1994) ("[T]he ultimate inquiry [in determining custody] is simply whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." (citations omitted)). "[The] objective test must necessarily be applied on a case-by-case basis, taking into account the facts and circumstances surrounding each case." *Mahaley*, 332 N.C. 583, 591, 423 S.E.2d 58, 63.

In this case, the trial court found, *inter alia*, that defendant agreed to accompany the detectives to the police station as requested; that the interview room had doors for privacy but no locks on the doors; that two detectives were in the interview room with defendant during the entire period of the interview, which lasted approximately two hours, and were joined by a third officer for a brief time; that defendant was never threatened or promised that he would not be prosecuted or obtain a lesser sentence by cooperating with police; that defendant was allowed to relieve himself upon request; that defendant was allowed a twenty minute break outside the interview room to smoke a cigarette; that defendant was told he was free to leave; that defendant asked to call his wife and was told he could do so later; that defendant was confronted with physical evidence that was found at the crime scene, which was true, and was told that the victim had identified him as the person who beat and robbed him, which was not true; and that defendant admitted robbing and beating the victim but consistently denied that he had used a weapon.

A trial court's findings of fact after a *voir dire* hearing as to the admissibility of a defendant's statements are conclusive and binding on appeal when supported by competent evidence. *State v. Davis*, 305 N.C. 400, 290 S.E.2d 574 (1982). The trial court's findings are amply supported by the evidentiary record in this case and are clearly sufficient to support a conclusion that a reasonable person in defendant's position would not have believed himself to be "in custody" for *Miranda* purposes, and that defendant's statement was voluntary. Defendant's first assignment of error is overruled.

II.

[2]    During the jury deliberations at defendant's first trial Judge Stanback, apparently concerned that he had committed error with respect to certain rulings in connection with the bills of indictment, advised counsel, in the absence of the jury, as follows:

COURT: All right. Gentleman [sic], in reviewing the occurrences and the unusual nature of things that have happened in this trial, the Court is of the opinion that certain errors may have been made and I am going to on my own motion declare a mistrial in this case. I have received another question from the jury and it appears to the Court that they have been confused by the nature of the proceedings and I am going to declare a mistrial on my own motion.

All right, bring the jury out please.

[JURY RETURNS TO JURY BOX.]

COURT: All right. Ladies and gentlemen of the jury, the Court has considered the occurrences that have taken place during the course of this trial and in the light of certain things that have happened, the Court is of the opinion that certain errors may have been committed in this trial. I am going to on my own motion declare a mistrial in this case . . . .

By his second and third assignments of error, defendant contends Judge Stanback erred when he declared the mistrial without following the requirements of G.S. § 15A-1064, and that such error entitles defendant to a dismissal of the charges on grounds of former jeopardy. Though the judge's failure to comply with the statute was error, the error does not entitle defendant to the relief he seeks.

"It has long been a fundamental principle of the common law of North Carolina that no person can be twice put in jeopardy of life or limb for the same offense." *State v. Lachat*, 317 N.C. 73, 82, 343 S.E.2d 872, 876 (1986). *See* U.S. Const. amend. V; N.C. Const. art. I, §19. "However, the principle is not violated where a defendant's first trial ends with a mistrial which is declared for a manifest necessity or to serve the ends of public justice." *Lachat*, 317 N.C. at 82, 343 S.E.2d at 877.

Before granting a mistrial, G.S. § 15A-1064 requires a judge to "make finding [sic] of facts with respect to the grounds for the mistrial and insert the findings in the record of the case." N.C. Gen. Stat. § 15A-1064 (1988). *See also State v. Odom*, 316 N.C. 306, 311, 341 S.E.2d 332, 335 (1986) ("The making of findings sufficient to support the judge's decision to grant a mistrial is . . . mandatory, and the failure to make such findings would be error."). The purpose of this section is "to ensure that mistrial is declared only where there exists real necessity for such an order," and to protect the accused from "arbi-

trary judicial action." *State v. Jones*, 67 N.C. App. 377, 382, 313 S.E.2d 808, 812 (1984). If the required findings are not made, and "a mistrial is improperly entered *over defendant's objection*, a plea of former jeopardy or a motion to dismiss must be granted." *Id.* at 387, 313 S.E.2d at 815 (emphasis added).

In the present case, the trial judge did not make the requisite findings of fact before granting a mistrial, and the court's subsequent findings do not remedy this omission. *Id.* at 385, 313 S.E.2d at 814 ("Findings must be made *before* the declaration to ensure full deliberation; the creation of a record subsequently is no substitute . . ."). Nevertheless, though G.S. § 15A-1064 is mandatory in nature, our Supreme Court has held that the statute does not relieve a defendant from the responsibility of objecting at trial to preserve error for appellate review, *Odom*, 316 N.C. at 311, 341 S.E.2d at 335; *see also Lachat*, 317 N.C. at 85, 343 S.E.2d at 878 holding that "a defendant is not entitled by reason of former jeopardy to dismissal of the charge against him, where he failed to object to the trial court's termination of his first trial by a declaration of mistrial," so long as the defendant was given notice and opportunity to object before the mistrial was declared. *Lachat*, 317 N.C. at 86, 341 S.E.2d at 879.

Here, the record discloses no objection by defendant to Judge Stanback's declaration of mistrial even though, as indicated above, Judge Stanback gave notice of his decision to declare a mistrial on his own motion, and there was ample opportunity for defendant to object to this decision while the jury was being returned to the courtroom. Accordingly, defendant has failed to preserve this issue for appellate review as required by Rule 10(b) of the North Carolina Rules of Appellate Procedure. *State v. Odom*, 316 N.C. 306, 341 S.E.2d 332.

No error.

Chief Judge ARNOLD and Judge SMITH concur.